UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
DEMOS P. DEMOPOULOS, VICTOR
CASTELLANO, VINCENT THEURER,
and JEFF HAMMON, as Trustees and
Fiduciaries of the LOCAL 553 PENSION
FUND; and Trustees and Fiduciaries of the
LOCAL 533 DEFERRED
COMPENSATION FUND; and as Trustees
and Fiduciaries of the LOCAL 553
BENEFITS FUND,

                    Plaintiffs,

     -against-

UNITED METRO ENERGY CORP. a/k/a
UNITED APOLLO PETROLEUM
TRANSPORTATION CORP. a/k/a
UNITED APOLLO TRANSPORTATION
CORP.,
                    Defendants.
-----------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:19-cv-05289(FB)(RLM)

*Appearances:*
WILLIAM ANSPACH
ERIN V. MCGEE
Friedman & Anspach
1500 Broadway, Suite 2300
New York, NY 10036
*For Plaintiffs*

ANA GETIASHVILI
LARRY R. MARTINEZ
JONATHAN D. FARRELL
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, New York 11501
*For Defendants*

**BLOCK, Senior District Judge:**

     Plaintiffs, the Trustees and Fiduciaries of the Local 553 Pension Fund, the

Local 553 Deferred Compensation Fund, and the Local 553 Benefits Fund (the

1

"Funds") move to amend their complaint to add defendants and allegations of an alter ego relationship with Defendant United Metro Energy Corp. ("UMEC"), pursuant to FRCP 15 and 16. Defendant opposes. For the following reasons, the motion is GRANTED.

## I.

The Court must first determine whether the instant application is governed by Rule 15 or Rule 16. Plaintiffs argue that the Court should, at most, balance Rule 16 factors with the Rule 15 requirements. Defendants, pointing to Magistrate Judge Mann's December 12, 2019 scheduling order, argue that Rule 16(b)'s less permissive "good cause" standard applies.

To apply Rule 16(b), the Second Circuit instructs that "litigants are entitled to rely on the meaning suggested by the plain language of a court order," in this case the scheduling order. *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). In *Sacerdote*, the Second Circuit found the District Court erred in denying a motion to amend when it applied Rule 16(b)'s "good cause" standard rather than the more liberal standard of Rule 15(a). *Id.* The Circuit found the scheduling order's language "set no expiration date after which all amendments were prohibited," a prerequisite to the application of the Rule 16(b) "good cause" standard. *Id.* at 115.

Here, the scheduling order states: "Pleadings may be amended and new parties added until February 21, 2020." ECF 13. The deadline can reasonably be interpreted

2

as restricting only the amendment of pleadings *without* leave, because the order did not specify a date after which amendments *with* leave of court are prohibited. Therefore, the order did not set an "expiration date after which *all* amendments were prohibited," which would trigger Rule 16(b). *Sacerdote*, 9 F.4th at 115 (emphasis added). However, as Defendant points out, the parties sought multiple extensions for the discovery deadline and did not extend the deadline to amend the pleadings. In fairness to both parties, the Court will balance the "good cause" standard in Rule 16(b) with the more lenient standards of Rule 15(a). *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

## II.

The complaint was originally filed on September 17, 2019. Plaintiffs alleged that United Metro Energy Corp. ("UMEC") was bound by two relevant contracts—a Bulk Contract and a Master Contract—pursuant to which contributions should have been made to the Funds under ERISA. Plaintiffs included United Apollo Petroleum Transportation Corp. ("UAP") and United Apollo Transportation Corp. ("UAT") as UMEC's aliases, but they were not named as defendants.

Plaintiffs assert that during discovery they were unable to get answers from the deposed witnesses—including Defendant's 30(b)(6) witness, UMEC Vice Chairman, Nelson Happy—to clarify the relationship between UMEC, UAP, and UAT. In addition, Defendant produced documents suggesting that UMEC was party

3

to the labor contracts. On that basis, Plaintiffs proceeded with discovery, apparently concluding that UMEC was the entity with obligations under the contracts.

Now, in Defendant's summary judgment motion, Nelson Happy has submitted an affidavit that specifically implicates one of the unnamed "also known as" companies and disclaims all obligation by UMEC. Based on that affidavit's clarifying Happy's previously unclear testimony, Plaintiff now seeks to add UAP and UAT as named defendants and allege they are alter egos of UMEC.

### a. Rule 16(b)

"Rule 16(b) allows district courts the ability (but does not require them) to deny a motion to amend if a deadline to amend a pleading has passed and the moving party has not demonstrated 'good cause' for the delay." *Moroughan v. County of Suffolk*, 99 F. Supp. 317, 328 (E.D.N.Y. 2015). In the Rule 16 context, "[a] finding of good cause depends upon the diligence of the moving party." *Parker*, 204 F.3d at 340. But the Court may also consider other factors such as prejudice to the defendant. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 243 (2d Cir. 2007).

*Diligence*

Defendant argues that Plaintiffs had ample time to investigate the relationship between the three companies and failed to do so. In addition, Plaintiffs did not use every discovery tool available to discern the relationship between UMEC, UAP, and

4

UAT, and therefore was not diligent in seeking this amendment. The Court disagrees.

From the beginning, Defendant was aware that Plaintiffs were uncertain—or even suspicious—of the relationship between the three entities. Even if, as Defendant says, Plaintiffs did not explicitly request the corporate structure in their subpoenas or document requests, there is no reason that Plaintiff should expect that the Vice Chairman of the company would be uninformed of the subsidiaries' relationship, as he seemed to be at his deposition. Despite Plaintiffs' inquiry, Nelson Happy did not clearly distinguish the companies or could not even provide details about their ownership. Further, hiring letters produced by the Defendant only solidified the impression that UMEC, and not UAP or UAT, was bound by the labor contracts. Yet now in an affidavit for UMEC's summary judgment brief, Happy clearly establishes which of the two subsidiaries was party to the contracts at issue.[1]

On that basis, the Court believes that Plaintiffs were reasonably diligent in their prior investigation into this issue. The Court will not penalize Plaintiffs for the Defendant's attempts to withhold pertinent information or obfuscate which company has obligations under the Master and Bulk Contracts.

*Prejudice*

---

[1] Without making a specific finding, the Court notes that using affidavits to conveniently contradict prior testimony at summary judgment may not be sufficient to support granting the motion.

In examining the potential prejudice, courts "consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.3d 344, 350 (2d Cir. 1993). The Court finds that Defendant is not unduly prejudiced by Plaintiffs amended complaint.

As stated above, Defendant has been aware of Plaintiffs' inquiries or suspicions about the corporate structure of UMEC, UAP, and UAT. Rather than clarify which entity was party to the labor contracts, UMEC seems to have carefully avoided full disclosure, likely in the hopes that all three entities could avoid liability to the Funds.

Further, if, as Defendant states, the claims against UMEC, UAT, and UAP are subject to dismissal, it is best that Plaintiffs resolve all avenues for recovery at once, speeding up the conclusion of this matter rather than separately litigating against the two alleged subsidiaries.

### b. Rule 15(a)

Rule 15(a)(2) requires the Court to "freely give leave when justice so requires," but leave may still be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Platt v. Inc. Vill. of*

6

*Southampton*, 391 Fed. Appx. 62, 66 (2d Cir. 2010) (summary order) (quoting *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009)).

Plaintiffs' amendment is not futile, as they have alleged that the "enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership," satisfying the alter ego requirements under 12(b)(6). *Newspaper Guild of N.Y. v. NLRB*, 261 F.3d 291, 299 (2d Cir. 2001); *Bohnet v. Valley Stream Union Free Sch. Dist. 13*, 30 F. Supp. 3d 174, 179 (E.D.N.Y. 2014) (quoting *Kirk v. Heppt*, 423 F. Supp. 2d 147, 149 (2d Cir. 2006) (amendment is futile when it would not survive a motion to dismiss.)). And the Court is satisfied that there has not been undue delay or prejudice to UMEC, as stated above.

## CONCLUSION

For the above reasons, Plaintiffs' motion is granted.

**SO ORDERED.**

           /S/ Frederic Block          
           FREDERIC BLOCK
           Senior United States District Judge

Brooklyn, New York
July 1, 2022