UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEMOS P. DEMOPOULOS, VICTOR CASTELLANO, VINCENT THEURER and JEFF HAMMOND, as Trustees and Fiduciaries of the LOCAL 553 PENSION FUND; and as Trustees and Fiduciaries of the LOCAL 553 DEFERRED COMPENSATION FUND; and as Trustees and Fiduciaries of the LOCAL 553 BENEFITS FUND,

      Plaintiffs,

-against-

UNITED METRO ENERGY CORP. a/k/a UNITED APOLLO PETROLEUM TRANSPORTATION CORP. a/k/a UNITED APOLLO TRANSPORTATION CORP.,

      Defendants.

**MEMORANDUM AND ORDER**

Case No. 19-cv-5289 (FB) (RLM)

*Appearances:*
*For the Plaintiff*:
WILLIAM ANSPACH
Friedman & Anspach
1500 Broadway, Ste 2300
New York, NY 10036

*For Defendant*:
ANA GETIASHVILI
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Ave.
Mineola, NY 11501

**BLOCK, Senior District Judge:**

  In an Order dated July 1, 2022 (the "Order"), the Court granted Plaintiffs' motion to amend their Complaint under Federal Rules of Civil Procedure 15(a) and 16(b) to add defendants and allegations of an alter ego relationship. *Demopoulos v.*

1

*United Metro Energy Corp.*, No. 119CV05289FBRLM, 2022 WL 2390986 (E.D.N.Y. July 1, 2022). Defendant United Metro Energy Corp. ("UMEC") a/k/a United Apollo Petroleum Transportation Corp. ("UAP") a/k/a United Apollo Transportation Corp. ("UAT") (collectively, "Defendant") now asks this Court to reconsider on the grounds that Plaintiff possessed documents supporting their alter ego claim before bringing this lawsuit in September 2019, and therefore was not diligent in requesting said amendment.

    Rule 59(e) vests courts with the discretion to alter or amend judgments upon a timely motion by a party. "A court may grant a Rule 59(e) motion only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (internal quotations omitted). This standard mirrors that for a motion for reconsideration under Local Civil Rule 6.3. *See Liu v. Chau*, No. 1:20-CV-006369, 2022 WL 2274721, at *1 (E.D.N.Y. June 23, 2022). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

    The Order permitted Plaintiffs to add UAP and UAT, initially listed as UMEC's aliases, as separate defendants. The Order allowed the amendment

because the Court found that Plaintiffs acted with reasonable diligence in their prior investigation as to Defendant's identity and alter egos.

Defendant does not invoke a change in law or the availability of new evidence but asks the Court to address a clear error. On "a motion for reconsideration, manifest injustice is defined as an error committed by the trial court that is direct, obvious, and observable." *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (internal quotation omitted).

Defendant argues the Court overlooked documents indicating that Plaintiffs knew that UMEC, UAP, and UAT could potentially be alter egos of each other. But this does not render clearly erroneous the Court's reasoning that Plaintiffs' reliance on deposition testimony from UMEC vice chairman Nelson Happy constituted reasonable diligence—especially in light of "the Defendant's attempts to withhold pertinent information or obfuscate which company has obligations under the Master and Bulk Contracts." *Demopoulos*, 2022 WL 2390986, at *2. Defendant's motion to reconsider is therefore be denied.

## CONCLUSION

For the reasons stated above, Defendant's motion for reconsideration is denied.

**SO ORDERED.**

                                       /S/ Frederic Block
                                       FREDERIC BLOCK
                                       Senior United States District Judge

Brooklyn, New York
March 29, 2023